UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

U.S. BANK N.A.,

    Plaintiffs,

  v.

AUXILIA DELGADILLO,

    Defendants.
                                       /

No. C 10-0484 MHP

**ORDER OF REMAND**

      This action was removed to this court from the Superior Court of the County of Contra Costa by notice of removal filed on February 2, 2010. The removing defendant appears to be a California resident. She bases her removal on federal question jurisdiction stating that such jurisdiction is premised on the federal civil rights laws, specifically 42 U.S.C. section 1983. Defendant has it wrong on several counts. First of all, the underlying action is not based on federal civil rights law. It is an action for unlawful detainer. The mere fact that plaintiff wishes to raise a **defense** of discrimination under federal law does not convert the underlying action to a claim not presented on the face of the complaint that was filed in state court. Furthermore, even if defendant were making a claim under section 1983, such a claim is not available under section 1983 against a private party. The opposing party in this case is a bank and not a state actor.

      Defendant does not allege in her notice of removal or otherwise that this is a diversity action for which this court might have jurisdiction under 28 U.S.C. section 1332. Nor could she make a claim for removability on the basis of diversity jurisdiction since the removal statute at 28 U.S.C. section 1441(b) provides that a diversity action is removable "only if none of the parties in interest...served as defendants is a citizen of the State in which such action is brought."

In a removal action this court's jurisdiction is determined by the claims asserted in the underlying complaint, not by defenses that may be raised in the notice of removal. A review of the face of the complaint reveals no federal questions. The complaint is for claims based purely in state law. This is a straight forward unlawful detainer case. If plaintiff believes that she has been discriminated against on an unlawful basis she may be able to assert this as a defense in the state court. She cannot pursue it here. California statutes are replete with anti-discrimination provisions of which she could avail herself if such a defense is available under California's unlawful detainer laws.

The removal statute is strictly construed against removal jurisdiction. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal Rule of Civil Procedure 12(h)(3) places the burden on the court to always be mindful of its jurisdiction and if at any time during the pendency of the action it determines that jurisdiction is lacking the court must dismiss the action. This Circuit has also held that a court may raise the question of jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Here, there is no invocation of a federal question on the face of the complaint. Consequently, since federal question jurisdiction does not appear on the face of plaintiffs' complaint and since there appears to be some urgency in the underlying case over which this court has no jurisdiction, this court *sua sponte* orders remand of the above-entitled action. It is not clear from whom or where plaintiff received the advice to file the notice of removal and proceed in this fashion. In any event, she was ill-served by such advice.

This action is REMANDED to the Superior Court of the County of Contra Costa and the Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of that Court.

IT IS SO ORDERED.

Dated: February 9, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California